## Board of License and Inspection Review v. Pemberton

*Patrick T. Ryan,* for appellant.

*Robert A. Latrone,* Assistant City Solicitor, for Board of License and Inspection Review.

SPAETH, J., October 10, 1966.—This is an appeal from the refusal of the Board of License and Inspection Review to renew a permit to carry a firearm.

When appellant applied for a renewal of his permit to carry a firearm, the Department of Licenses and Inspections, on the recommendation of the police department, denied the application. Appellant appealed to the Board of License and Inspection Review. The board, after testimony, affirmed, and appellant came here. Argument was heard on September 20, 1966.

## DISCUSSION

The procedure that must be followed in a case such as this is specified in the home rule charter. It is as follows:

First, the police department is to certify to the Department of Licenses and Inspections "the requirements and standards" to be met by an applicant for the renewal of a permit to carry a firearm: Section 5-1002(b) of the charter. Whether that was done here, and, if so, what the requirements and standards are, does not appear.

Second, the Department of Licenses and Inspections is to decide whether an applicant meets the police department's requirements and standards. The decision may be made without a hearing. The Department of Licenses and Inspections may, as occurred here, receive a recommendation from the police department, but the Department of Licenses and Inspections "shall make the decision whether the license should be granted": Section 5-1002(b) of the charter. Thus, the Department of Licenses and Inspections is not simply to do what the police department recommends. If the Department of Licenses and Inspections refuses the application, it must "notify the applicant in writing of the refusal and the reasons therefor": Section 5-1002(b)-(4) of the charter. Whether there was such a refusal here, and, if so, what reasons were stated for the refusal, does not appear.

Finally, Section 5-1005 of the charter provides that: ". . . any person aggrieved by the . . . refusal . . . of any City license . . . shall . . . be . . . afforded a hearing . . . by the Board of License and Inspection Review. Upon such hearing the Board . . . shall make findings and render a decision in writing. The Board may affirm, modify, reverse, vacate or revoke the action from which the appeal was taken to it".

Here, the board did give appellant a hearing, which appears to have been full and fair; and it did file a decision in writing; but, even though the decision is entitled "Findings and Opinion", the board did not make findings. Instead, the board evidently concluded that it did not have to make findings. The board's decision recited appellant's reasons for wanting a permit, with no comment on how sensible the board thought the reasons; it stated that "[i]t appears simply" that in the "opinion" of the police department the reasons were "not sufficient"; and it concluded by saying that:

"In order to grant appellant the relief he seeks, this

Board would be required to find as a fact that the Police Department's actions were arbitrary and capricious. We must bow to the expertise of the Police Department in deciding whether certain areas are considered such dangerous areas as to require the use of a firearm for protection by a person or persons making use of such area.

"We also cannot conclude that the Police Department was arbitrary or capricious in refusing to accept as reasons the balance of appellant's statements indicating the need of a firearm license".

Under these circumstances, the court cannot review the board's decision.

The assistant city solicitor correctly argues that the court should reverse the board only if the board's findings are not supported by substantial evidence, or if the board has committed a manifest abuse of discretion or error of law: Blumenschein v. Pittsburgh Housing Authority, 379 Pa. 566 (1954). But the argument is not pertinent. Here, there are no findings to weigh; and the board seems to have declined to exercise any discretion. The assistant city solicitor says the board did exercise discretion, but, if so, it is not apparent why the board said it had to "bow".

Under the charter, the board must make up its own mind. Otherwise, its duty to make findings and to file a decision, and its power to "affirm, modify, reverse, vacate or revoke" the Department of Licenses and Inspections, would be meaningless. Cf. Philadelphia v. Walnut Street Three R Corp., 26 D. & C. 2d 446 (C. P. No. 1, Phila. Co., 1961). In this case, the board's findings and decision should disclose the pertinent part of the police department's requirements and standards, and whether the board thinks appellant was aggrieved by the decision of the Department of Licenses and Inspections, that, according to those standards, appellant was not entitled to a permit. Only then will a court be

able to review the board's decision. The case must, therefore, be remanded for further proceedings.

So that there may be no misunderstanding, it should perhaps be noted that by remanding, the court expresses no view regarding whether appellant's permit should be renewed.

Accordingly, the court enters the following

ORDER

And now, October 10, 1966, the case is remanded to the Board of License and Inspection Review for further proceedings consistent with the opinion accompanying this order.